```
            IN THE UNITED STATES DISTRICT COURT
           FOR THE SOUTHERN DISTRICT OF ALABAMA
                     SOUTHERN DIVISION
```

**THE LANDING, L.L.C.,** *et al.*,  \*
                                   \*
    **Plaintiffs,**                    \*
                                   \*
vs.                                 \* **CIVIL ACTION NO. 23-00377-TFM-B**
                                   \*
**MG AFFORDABLE MASTER, LLC,**    \*
*et al.*,                          \*
                                   \*
    **Defendants.**                 \*

## ORDER

This action is before the Court on the Joint Motion and Stipulation to Deposit Funds Into Court Registry (Doc. 16) filed by Plaintiff The Landing, L.L.C. and Defendants MG Affordable Master, LLC and CTCW-Robertsdale LLC pursuant to Federal Rule of Civil Procedure 67 and 28 U.S.C. §§ 2041-2042. Upon consideration, and for good cause shown, the motion is **GRANTED**.

Plaintiffs The Landing, L.L.C. and Bayou Bend, L.L.C. filed this declaratory action against Defendants MG Affordable Master, LLC, CTCW-Robertsdale LLC, and CTCW-Bayou La Batre LLC, seeking a declaration regarding the proper distribution of proceeds from the sale of apartment complexes. (Doc. 1). In the motion before the Court, the movants state that Plaintiff The Landing, L.L.C. is the general partner of Apartment Housing of Robertsdale, Ltd. (the "Partnership"), while Defendant MG Affordable Master, LLC is the Partnership's special limited partner and Defendant CTCW-

Robertsdale LLC is the Partnership's investor limited partner. (Doc. 16 at 1). The movants report that on October 10, 2023, the Partnership closed on the sale of an apartment complex and received $2,481,026.97 in net proceeds. (Id. at 2). They further assert that a dispute exists between the parties concerning, among other things, how and to whom the Partnership should distribute these net proceeds among the partners, and that they believe it is in the interest of judicial economy to deposit the above-referenced proceeds into the Court's registry so that the proceeds can be released by the Court upon future order and in conjunction with the resolution of this action. (Id.). Thus, the movants seek an order permitting Plaintiff the Landing, L.L.C. to deposit the $2,481,026.97 into the Court's registry. (Id. at 6). The movants also report that the remaining parties, namely Plaintiff Bayou Bend, L.L.C. and Defendant CTCW-Bayou La Batre LLC, consent and approve of the request to deposit the $2,481,026.97 into the Court's registry so that the proceeds can be released by the Court upon future order and in conjunction with the resolution of this action. (Id. at 1).

Federal Rule of Civil Procedure 67(a) states:

> If any part of the relief sought is a money judgment or the disposition of a sum of money or some other deliverable thing, a party - on notice to every other party and by leave of court - may deposit with the court all or part of the money or thing, whether or not that party claims any of it. The depositing party must deliver to the clerk a copy of the order permitting deposit.

2

Fed. R. Civ. P. 67(a). Rule 67 relieves a party of responsibility for disputed funds until the Court determines how the funds should be divided. Qwest Corp. v. City of Portland, 204 F.R.D. 468, 470 (D. Or. 2001); Mfrs. Hanover Overseas Capital v. Southwire Co., 589 F. Supp. 214, 221 (S.D.N.Y. 1984). Whether Rule 67 relief should be available is a matter within the discretion of the court. Cajun Elec. Power Co-op., Inc. v. Riley Stoker Corp., 901 F.2d 441, 445 (5th Cir. 1990).

In this action, the issue of entitlement to the proceeds of the above-referenced apartment sale is in dispute, and all parties agree that depositing the disputed funds with the Court until the Court determines how the funds should be disbursed is the most efficient manner in which to proceed. In consideration thereof, the undersigned finds that the requirements to proceed under Federal Rule of Civil Procedure 67 have been met and thus **GRANTS** the joint motion and stipulation for the deposit of $2,481,026.97 into the Court's registry.

Pursuant to Federal Rule of Civil Procedure 67 and Civil Local Rule 67, the Clerk shall deposit the $2,481,026.97 in net proceeds into the Court's registry in an interest-bearing account. No portion of those funds shall be disbursed except upon further order of this Court.

4

**DONE** this **13th** day of **October, 2023.**

                                          **/S/ SONJA F. BIVINS**
                              **UNITED STATES MAGISTRATE JUDGE**